I'll call the next matter, which is held inquiry versus Attorney General of New Jersey. I'll call the next matter. I'll call the next matter. Is he? Yes, sir. Yes, thank you very much. Yes, thank you very much. Tomorrow evening on behalf of the appellant, Mr. McCurry, I would like to reserve the minutes for the public. Okay. Thank you. We have a very unusual facts pattern in this case that sort of intersected with a number of different procedures and end up with a really counterintuitive result. Well, counterintuitive or not, with respect to that fact pattern and focusing actually on the procedure, what is the current status of the New Jersey Appellant Division appeal? It is, my understanding, and I'm not handling the appeal, my understanding is that it has been briefed and a decision is pending. If the court recalls this was a situation where Mr. McCurry had been indicted. We know the facts. So we're awaiting a decision, and if the New Jersey Appellate Court disagrees with the trial court and says that there was no problem with the grand jury instruction, then your client's constitutional question will be heard. Well, my client's constitutional question theoretically could be heard. So why shouldn't the federal courts just wait to see if it is in fact heard? Because you would agree, I assume, that you have a right to have your constitutional question heard in either the state court or the federal court, right? Theoretically, but in a criminal proceeding, there are remedies that are not available in a civil proceeding in either the federal court where you are looking for an injunction to enjoin ongoing unconstitutional activity, violation of constitutional rights. This is an unusual thing. But state process has not run its course. Well, the state process has not run its course, but the problem with Judge Chesler's decision is that it is a with prejudice dismissal, which means that if the indictment dismissal is sustained because Judge Nega determined that the constitutional issues were moot as part of his decision to dismiss the indictment, Mr. Eltakari will have no forum. You just come back to federal court and we file, right? That's the point, Judge. If your client's no longer in jeopardy criminally and the state doesn't pass on the constitutional question, then you want to come back here to federal court on the 1983. And also the declaratory relief that was sought in the complaint. So why can't you do that? Are you saying that the with prejudice dismissal is equivalent to arresting a client? Yes, Judge. We're saying that. Well, give me your authority for that, because that's not my understanding. Our understanding is that the prospective events that occurred in 2012, we would be barred by bringing them, either this court or the new filing, or the state court. I understand that you say that is your understanding. I want to know what your authority is for that understanding, that a dismissal with prejudice is coextensive with the application of res judicata. Well, as I've always been taught, Your Honor, with prejudice dismissal is a dismissal on the merits, and you're not free to bring that particular claim again. Well, but the merits here are younger extension, that's all. Judge Chester didn't say that your case wasn't any good. He just said that he was going to abstain. If your adversary concedes on the record here that you're at liberty to refile in federal court, if and when the state court concludes and if your constitutional claim is not waived in state court, then you're okay with that. Well, that's exactly the point, Judge. So you're only complaining about the word prejudice dismissal? That's the point. So let's assume... To ask for the truth. Yeah, I'm going to say if we say your argument was you're going to make it without prejudice, you don't really have anything to complain about then. It's a very subtle point, but the principle that we're trying to advance is that somewhere eventually Mr. Al-Bukhari should have the right to seek a constitutional determination of how his statute applies to his conduct. All right, so then your answer to Judge Berry's question is yes. You have narrowed your concern to that question you were asked a moment ago as to whether or not dismissal with prejudice is tantamount to res judicata. We don't then have to be concerned about anything with respect to the unitary nature of the state appellate system and the various stages of that. Are we correct in that? If the panel were to make a minor modification of Judge Tesler's opinion to reflect a without prejudice dismissal as opposed to a with prejudice dismissal, we believe that that would address most of the concern. Or alternatively, address specifically why the two are not coextensive and you are not foreclosed. And that is the point, Judge. If we are successful in the state court appeal, and remember this is a very new situation because in every other younger case that I've been able to discover, the party seeking federal court relief was at that moment at risk for some criminal penalty. And right now Mr. Al-Bukhari is not unless the indictment is reinstated or they seek to reindict him on some other proceeding. And remember the indictment dismissal was without prejudice. So if they lose the appeal, they can theoretically seek to resubmit it to a grand jury and seek a reindictment at some future time. So my concern is that you have a capable of repetition but evading review problem where he's forever in jeopardy and never able to get a review of the constitutional issues. And that's certainly... Well, they have shown that they're... I shouldn't say this. They're hot to get, not 22. This has been going on in any number of cases. Clearly this is a type of business that is less favored in polite society. That's about right. I shouldn't put it quite like that. It's exactly what she meant. Yes. And we understand that given the nature of the business, you know, a lot of people whistle and we have much to, you know, overcome that emotional impact. But ultimately, there are a lot of very interesting technical constitutional issues with respect to this thousand-foot statute, which is a very new statute. It's the only statute I've ever seen that actually delegates to government bodies and municipalities the right to change the parameters of a criminal statute on an ad hoc basis using zoning principles. And that may or may not in and of itself be constitutional. That's never been tested, but we know... But that wasn't the underlying question here, was it? This wasn't the question, this sheerly the 1,000 feet issue here? And from what geometric point you ought to be measuring off that distance? Well, it's a sub-question, Your Honor, because this municipality has in fact in the last four or five years enacted several ordinances which may or may not fall under the reverse preemption exemption in the statute, one of which reduces the 1,000 feet to 600 feet and another which increases it back up to 1,500 feet. And since HOT 22 has been operating for such an extensive period of time, the 600-foot ordinance may have made it lawful under all circumstances for ex post facto purposes and that has never been addressed by any court. Well, of course, that is interesting. Of course, none of that is before us. Absolutely, and the whole point, Your Honor, is to have a reservation where if we are successful in our appeal in keeping the indictment dismissed that we have the ability to go back to a court of competent jurisdiction and have the constitutional issues resolved. So we're back to the without prejudice. That's right. That's the only question here. That's the rub, Judge. I would say that if the order had said without prejudice instead of with, we probably would not have had to do that. Okay. Well, let's ask Ms. Chung about that. Thank you. Thank you very much, Ms. Simmons. Ms. Chung, isn't it that simple? Your Honor, it is a court order by the Attorney General of England, representing the Fifth Amendment parties, the Attorney General of New Jersey and the State of New Jersey. I think it's clear from the argument that you've heard from the appellants that Judge Chester's opinion should be reaffirmed and there's this minor question about whether a constitutional amendment with prejudice or without prejudice. I don't think that the appellant regards that as a minor question, given the fact that she has eventually compacted her entire position into that. So what's the answer? The answer, Your Honor, is that I am not prepared to argue the prejudice question, Your Honor. It wasn't in the briefs. No, you're right. It was not. You're right. It was not. So I would appreciate the opportunity for a live, additional briefing on the prejudice or without prejudice point and as to the merits of the action of the appellant. Well, I guess it, no, I guess having said that, I shouldn't ask a, if he just dismisses the case without saying with or without, do you believe they could bring their claims before Judge Chester when the state proceedings have ended? But I guess you would say you would like to bagel off an answer to that. Yes, Your Honor. But you would concede, wouldn't you, that Mr. L. McCrory is entitled to have his constitutional claim adjudicated at some time in some form? Yes, Your Honor, I agree with that and I would also like to update the panel on the status of the appeal that is occurring before the New Jersey Appellate Division that were previously disseminated and the appeal against Mr. L. McCrory's case has been consolidated with a no-recover appeal and those two appeals will be heard for as many years as I understand for all of next year. So we're looking at another opportunity for Mr. L. McCrory and for the appellant to raise the constitutional claims before the New Jersey Supreme Court. Well, he raised them. Well, he raised them before the trial court and he raised them before the appellate division. Yes, Your Honor. So, you know... He has a right to have them adjudicated, not raised. Correct. He has a right to have them adjudicated someplace, right? Yes. Okay. And he has a right to that, doesn't he? Yes, Your Honor. Okay. This case, as it's come before, this court is under another session, which I think does not go to the adjudication department. That's right. This is the Constitutional Court of Appeals. The availability of it. But once the state proceedings have ended, we're not that concerned about Young. Correct? Of course. Now we're into the adjudication of claims and where can they be adjudicated if they can't be adjudicated at all? Right? The state's interest, as I understand it, is to allow the criminal process to continue and complete itself without having to litigate this ancillary case in federal court. Yes, Your Honor. I think the difference doesn't come in that I'm not aware of the terms and words that he's using. So, this might be that rare case where the parties at the end of the day agree. We both agree that Mr. Elder Corey is entitled to have his constitutional claim adjudicated. I do not understand Ms. Hickman to be arguing that she needs to be in federal court today, tomorrow, as long as she gets to be heard on a constitutional claim at some point. So, do you have any reason to dispute that? Your Honor, I'm concerned with the person in front of me. Let's do this. You, I assume, would like to file some kind of supplemental briefing or memo with us addressing this point, since you are not prepared to argue it. Well, we don't want to foreclose you from that, but I also don't want to foreclose Ms. Hickman from the opportunity to submit as well, since it was really not a point of briefing. I prefer not to do this, in a responsive fashion, but have you both just, as I say, supplement briefing by addressing the point that I believe we have narrowed it to, thanks to Ms. Hickman's presentation. How much time do each of you require to submit such a supplemental to us? It may only be brief. It's a narrow question. My only concern is that we're getting into the holidays, so I assume that Ms. Chung would make a submission. No, no, I said this is not going to be in a responsive fashion. You'll both be submitting a supplemental to us by the same deadline. Is December 15th okay? I don't... This is a pretty straightforward question. I don't think you should need that much time, and in fact, I'm going to give you both two cases that I'd ask you to address. Maybe the others on the panel have something, but I would really think that... I don't have a calendar here. I don't have a calendar. I don't have a calendar. Let's make it by the close of business on December 1. I thought that we had refined the question to be whether or not a dismissal with prejudice gives rise to a res judicata determination of the constitutional claims that have been raised here. Is that your understanding? What's the legal import of prejudice? I think I would think whether or not Judge Justice said there's prejudice or without prejudice. Can they raise their claims, their constitutional claims, before and when the state receives it? Yeah, you're really both saying the same thing in different ways, but perhaps by broadly allowing... I'm going to tie you down to our statement of the issue here. If you might broadly address the implications of Judge Chesler's dismissal with prejudice, which would include whether or not that would constitute res judicata as to the constitutional claims here. Specifically, I'd ask that you look at and address, if you consider applicable, our court's opinion in lieu of LUI versus Commission on Adult Entertainment, and that is 369 Fed 3rd 319, a 2004 decision, and also the Fourth Circuit's decision in Nivens NIVNS versus Gilchrist, 444 Fed 3rd 237, 2006. All right, well, thank you, Counsel. I think we have at least narrowed things somewhat. We will anticipate your submission, then, by the close of business on December 1, on this point. Thank you.